**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1626**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

             Plaintiff - Appellant,

        v.

THOMPSON CONTRACTING, GRADING, PAVING, AND UTILITIES,
INCORPORATED,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.   (5:05-cv-00675-BO)

Argued:  March 26, 2009              Decided:  June 25, 2009

Before NIEMEYER and MICHAEL, Circuit Judges, and Eugene E.
SILER, Jr., Senior Circuit Judge of the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

Vacated and remanded by unpublished opinion.  Senior Judge Siler
wrote the opinion, in which Judge Niemeyer and Judge Michael
joined.

**ARGUED:** Susan Ruth Oxford, U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Washington, D.C., for Appellant.  Michael Coghlan
Lord, WILLIAMS MULLEN, Raleigh, North Carolina, for Appellee.
**ON BRIEF:** Ronald S. Cooper, General Counsel, Lorraine C. Davis,
Acting Associate General Counsel, U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, Washington, D.C., for Appellant.

Kimberly D. Bartman, WILLIAMS MULLEN, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

SILER, Senior Circuit Judge:

The Equal Employment Opportunity Commission (EEOC) appeals from the district court's order granting summary judgment against it for failing to establish evidence of religious discrimination by Thompson Contracting, Grading, Paving, and Utilities, Incorporated (Thompson) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), when Thompson terminated the employment of Banayah Yisrael (formerly Garry Parker).

We find that the EEOC proffered sufficient evidence of a prima facie case of religious discrimination by Thompson. However, we decline to address the issue of whether Thompson met the accommodation aspect of the claim because the district court did not address this issue. Accordingly, we vacate the judgment and remand to the district court for proceedings consistent with this opinion.

I

Yisrael is a Hebrew Israelite who began working for Thompson in June 2004 as a dump truck driver. As a Hebrew Israelite, Yisrael's religious beliefs require him to observe the Sabbath and refrain from working on Saturdays. As a contractor that works outdoors, Thompson sometimes requires its employees to work on Saturdays when weather prevents work during

3

the normal Monday through Friday work week.  Thompson's employee handbook informs its employees of the requirement to work on Saturdays and requires that each applicant disclose any days that he or she is unavailable to work before they are employed. When hired, Yisrael informed Thompson that he could not work on Saturdays because of his religious beliefs.

Early in his employment with Thompson in September 2004, Yisrael tested positive for marijuana and was terminated. Yisrael reapplied for employment at Thompson. Thompson's Director of Operations, Jim Stafford, agreed to hire Yisrael again, but told Yisrael that he would be under close scrutiny and be required to undergo random drug testing.

After he was rehired in November 2004, Yisrael was asked to work on Saturday, December 3, 2004, but declined to do so. Yisrael alleged that he told a manager at Thompson that he could not work because of his religious beliefs. Yisrael was not disciplined for his absence.  On Thursday, December 9, 2004, he failed to show up for work again.  Yisrael claims that he informed his supervisor, Mike Lowe, of his absence one day in advance.  For this absence, Stafford gave Yisrael a verbal warning.

On Friday, December 16, 2004, a manager asked Yisrael to work on Saturday, December 17, 2004.  Yisrael alleges that he told a manager that his religion did not allow him to work on

4

Saturdays. Consequently, Yisrael did not show up for work that Saturday, which was his second Saturday absence. For this absence Yisrael was suspended for three days and issued a written warning stating that he failed to show or call and inform Thompson of his absence for the second week in a row. The written warning also stated that the next infraction would result in termination.

For at least one of the December Saturday absences, Lowe admits that Yisrael informed him in advance that he could not work and Lowe simply replaced him with another truck driver. After his second Saturday absence in December, Lowe asked Yisrael to provide a letter from his spiritual leader verifying his religious belief that he could not work on Saturdays. Yisrael obtained the letter and gave it to the receptionist at the main desk. Stafford received the letter and placed it in Yisrael's employee file.

In January 2005, Yisrael had an accident while driving a dump truck, which resulted in damage to the tailgate of the truck. Yisrael was issued a written warning for unsafe dumping of concrete.

On Friday, February 11, 2005, Yisrael was asked to work on Saturday, the next day. Yisrael again stated that he could not work on Saturdays because of his religious beliefs and did not work that Saturday. On February 15, 2005, Thompson terminated

Yisrael's employment for "unsatisfactory job performance." The employee termination form stated, "Mr. [Yisrael] has not had regular, dependable attendance as required by our company policy."

Yisrael filed a charge of discrimination with the EEOC on February 14, 2005, claiming that he had been denied religious accommodation and disciplined and discriminated against due to his religious beliefs. The EEOC filed suit in the United States District Court for the Eastern District of North Carolina on Yisrael's behalf, claiming that Thompson discriminated against Yisrael by refusing to accommodate his religious beliefs and ultimately terminating him because of his religion. Yisrael did not join the suit as a party.

The district court granted Thompson's motion for summary judgment. It held "[t]here is no evidence that the employer, [Thompson], discriminated against the employee because of his religion or his religious practice." The district court found the termination of Yisrael was entirely performance related based on his previous failed drug test, accident with a company truck, and random absences from work.

II

The EEOC presented sufficient evidence of a prima facie case of religious discrimination. Both Thompson and the EEOC

assert different theories as to why Yisrael's employment was terminated. Thompson claimed that it was because of Yisrael's past employment troubles and unsatisfactory job performance during his probationary period, while the EEOC presented evidence that Yisrael's termination was the result of his failure to work on Saturdays in observance of the Sabbath.

We review de novo the district court's grant of summary judgment to Thompson. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006). In reviewing the evidence, we draw all reasonable inferences in favor of the nonmoving party, the EEOC, and we do not make credibility determinations or weigh the evidence. Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004). The essential inquiry in granting summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

Under Title VII, an employer may not discharge or discriminate against an individual in employment because of the individual's religion. 42 U.S.C. § 2000e-2(a)(1). Religious accommodation in employment cases contain a burden-shifting scheme analogous to that in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). EEOC v. Firestone, 515 F.3d 307, 312 (4th Cir. 2008). A plaintiff must first establish a prima facie case

7

of religious discrimination. Id. "If the employee establishes a prima facie case, the burden then shifts to the employer to show that it could not [reasonably] accommodate the plaintiff's religious needs without undue hardship." Id. (quoting Chalmers v. Tulon Co. Of Richmond, 101 F.3d 1012, 1019 (4th Cir. 1996)).

The district court held that the EEOC did not present sufficient evidence that Thompson discriminated against Yisrael based on his religion and granted summary judgment in favor of Thompson. For a prima facie case of religious discrimination, the EEOC must prove that Yisrael: (1) had a bona fide religious belief that prevented him from working on Saturdays;(2) informed Thompson of his belief; and (3) was disciplined for failing to work on Saturdays. See Firestone, 515 F.3d at 312. Thompson does not challenge whether the EEOC met elements one and two of the prima facie case. Thompson does, however, challenge element three, whether Yisrael was disciplined for failing to work on Saturdays. It argues Yisrael was fired for reasons other than failing to work on Saturdays.

If there is a genuine dispute as to why Yisrael was terminated, then summary judgment must be vacated. In reviewing the evidence in the light most favorable to the EEOC, we find that there is a genuine dispute concerning the reason for Yisrael's termination.

Thompson argues that Yisrael was terminated because he was on a second probationary period after he was rehired in November 2004, which placed him under a strict standard to perform satisfactory work, a standard that he did not meet. Thompson argues that Yisrael's firing was the result of an array of instances, only three of which involved Saturday absences.

However, the EEOC contends that Yisrael's Saturday absences were the crucial factor in Yisrael's termination. Since three of the four days Yisrael missed were Saturday absences, and the reason given for Yisrael's unsatisfactory job performance was his attendance record, the EEOC reasons that Yisrael's termination was a result of his Saturday absences.

Further, at least two of the four disciplinary actions Yisrael incurred were related to his Saturday absences. Yisrael was given a written warning and a three-day suspension for his second Saturday absence, which occurred on December 17, 2004. Later, Yisrael was terminated directly after his third Saturday absence on February 12, 2005. Thus, the EEOC has presented sufficient evidence for a trier of fact to determine that Yisrael was terminated for failing to work on Saturdays.

Since the resolution of this issue is the deciding factor in whether the EEOC made out a prima facie case of religious discrimination, it is undoubtedly material. Therefore, the EEOC has met its burden of presenting a genuine issue of material

fact concerning the prima facie case, so we vacate the district court's entry of summary judgment.

## III

In its order, the district court held that the EEOC did not establish a prima facie case of religious discrimination and, therefore, did not address the accommodation aspect of the religious discrimination claim. Under the accommodation aspect of the claim, summary judgment might still be proper if Thompson shows that it could not reasonably accommodate Yisrael's religious needs without undue hardship. See Firestone, 515 F.3d at 312. Although this court may affirm summary judgment on any legal ground supported by the record, Jackson v. Kimel, 992 F.2d 1318, 1322 (4th Cir. 1993), we decline to address this issue. On remand, the district court may review the evidence and determine whether summary judgment in favor of Thompson is proper under an accommodation theory.

VACATED AND REMANDED